## GODFROY *v.* SCOTT ET AL.

INDIANS.—*Assignment by Miami, of his Annuity, to Creditor.—U. S. Statutes.— Special Finding.-Presumption.-Garnishment.-*In an attachment suit against a non-resident, wherein garnishment was resorted to, the court found specially that the defendant was a Miami Indian entitled to an annuity from the United States; that the defendant had verbally directed the Indian agent to pay the annuity to the garnishee, in part satisfaction of a debt due from the defendant to the garnishee; that payment had accordingly been made; and that, subsequent to the giving of such order, but prior to such payment, the writ of garnishment had been issued.

*Held,* as a conclusion of law, that, as the special finding does not show the nature of the consideration of the debt of the defendant to the garnishee, it will not be presumed that such debt was for any of the things mentioned in sections 2103 to 2106 of the Revised Statutes of the United States of 1873–1875; and, therefore, such order was valid.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar,* for appellant.

*J. M. Brown,* for appellees.

HOWK, J.—In this case, the appellees Aaron B. Scott and Valentine Gahs commenced a suit in attachment against one Sallie Martin, who was alleged to be a non-resident of this State, before the mayor of the city of Peru; in

which suit, the proper affidavit having been filed, the appellant was summoned to answer as a garnishee. Afterward, the appellees Simeon S. Marsh, George A. Crowell and Moses Falk each filed his separate complaint, affidavit and undertaking, before the said mayor, and became parties to the original action against the said Sallie Martin.

Before the mayor, the appellant, as garnishee in said action, filed his answer, under oath, wherein he said, " that, before the service of the writ of garnishment in this cause, he had received of George A. Crowell, paymaster for the United States, moneys belonging to and for said Sallie Martin, amounting to the sum of fifty-seven $\frac{89}{100}$ dollars ; that, at and for a long time before the said payment of said money to him, said Sallie Martin, defendant in the above suit, was indebted to him, said Gabriel Godfroy, in the sum of about seventy-five dollars ; that, by arrangement and agreement with said Sallie Martin, he was to draw her payments from the United States, and use and apply the same in the payment of her indebtedness to him; and that said sum of $57.89, so received from the United States, was so received by him; and applied at the time of being so received, in the extinguishment of so much of his claim of $75.00 against her. Wherefore," etc.

The aggregate amount of the several claims of the appellees against the said Sallie Martin, *alias We-cap-pe-qua,* being in excess of the jurisdiction of the mayor of the city of Peru, he certified the same to the circuit court for trial. The cause was tried by the court, and at the appellant's request the court made a special finding of the facts, and of its conclusions of law thereon, in substance as follows :

" 1st.    Sallie Martin is a non-resident of the State of Indiana, being a Miami Indian of the Miami Nation ; and,

at the time of the commencement of this action, resident and domiciled with the Nation, in the Indian Territory;

" 2d. As such she was entitled to an annuity from the United States of $57.89, which George Crowell, Indian agent, paid on her order to Gabriel Godfroy, garnishee, Dec. 20th, 1875;

" 3d. Until separated and paid, the money was the money of the government, and not Sallie Martin's;

" 4th. The writ of garnishment was in the hands of Al. Morris, constable, at the time of the payment of the money;

" 5th. Sallie Martin, being indebted to Godfroy, had, before that time, made a verbal order to receive this money and apply it on his debt;

" 6th. But this order so made was null and void, by Revised Statutes of the United States, 1873-75, page 370, sections 2,103, 2,104, 2,105 and 2,106. Godfroy could take no right under it; and,

" 7th. By the foregoing facts and application of the the law, the finding is for plaintiffs.

(Signed)      " JOHN U. PETTIT, Judge."

The appellant excepted to the court's conclusions of law, and judgment was rendered against him in accordance therewith; and from this judgment he prosecutes this appeal.

The only error assigned by the appellant in this court is this, that the court below erred in its conclusions of law, upon the facts specially found.

We are of the opinion that the facts found by the court, in this case, were not such as would fairly bring the transaction between the appellant and Sallie Martin within the scope, meaning and intention of those sections of the Revised Statutes of the United States, cited by the court in its special finding. The statute seems to be applicable to such agreements only as have been made

with any tribe of Indians, or individual Indians not citizens of the United States, "in consideration of services for said Indians relative to their lands, or to any claims growing out of, or in reference to, annuities, instalments, or other moneys, claims, demands or thing, under laws or treaties with the United States, or official acts of any officers thereof, or in any way connected with or due from the United States." It is provided by the sections of the statute cited by the court, that an agreement made with an Indian tribe, or an individual Indian not a citizen of the United States, upon the consideration specified in the statute, must be in writing, executed in duplicate, and approved by certain officers of the United States; or otherwise such agreement would be null and void.

The court's special finding of facts in this case utterly fails to show that the indebtedness of Sallie Martin to the appellant grew out of any agreement made upon any such consideration as that specified in the statutory provisions above quoted, or that her verbal order or agreement, authorizing the appellant to receive and apply such money to the payment of her indebtedness to him, was founded upon any such consideration. It is clear, therefore, we think, that the facts specially found by the court did not authorize the court's conclusion of law, that the order of Sallie Martin, in the appellant's favor, was within the scope and purview of those sections of the Revised Statutes of the United States cited by the court, and was therefore null and void. It surely was never intended by Congress, in the enactment of those sections of the statute, to prevent or prohibit an Indian from directing the application of his or her moneys to the payment of his or her debts, except such as were contracted upon the consideration expressed in the statute. For aught that appears in the court's special finding, the indebtedness of Sallie Martin to the appellant might have been for money

loaned her, or for necessary food and raiment sold and delivered to her by him. Certainly, there is nothing in the sections of the statute cited by the court, which would prevent her from applying her money to the payment of such indebtedness, or which would invalidate and render null and void her verbal order authorizing the payment of such indebtedness, founded upon such a consideration.

For the reasons given, we are clearly of the opinion that the court erred in its conclusions of law upon its special finding of facts.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to the court to find for the appellant, as its conclusion of law upon its special finding of facts, and to render judgment accordingly, in the appellant's favor, for his costs.